KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ty Bryce, | No. CV-05-3265-PHX-DGC (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, | |
| Defendant. | |

On October 17, 2005, Plaintiff Ty Bryce, formerly confined in the Maricopa County Towers Jail, filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis ("Application to Proceed"). On October 24, 2005, Plaintiff filed a Notice of Change of Address which indicates that he is no longer in custody.

This is one of more than one thousand (1,000) civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

JDDL

- 1 -

**<u>Payment of Filing Fee</u>**

Pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action or files an appeal [in forma pauperis], the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff brought this civil action while he was still a prisoner, therefore he will be required to pay the full amount of the two hundred fifty dollar ($250.00) filing fee, even though he has subsequently been released from confinement.

If Plaintiff were still a prisoner, the Court would assess and, when funds exist, collect an initial partial filing fee of twenty percent (20%) of the greater amount of either the average monthly deposits or the average monthly balance in Plaintiff's prison account for the six (6) months immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, Plaintiff would be required to make monthly payments equaling twenty percent (20%) of the preceding month's income credited to his prison account. 28 U.S.C. § 1915(b)(2).

However, because Plaintiff is no longer in custody, and therefore does not have a prison account, he can not avail himself of the partial payment provisions of 28 U.S.C. § 1915(b)(1),(2). The statute makes no other provision for incremental collection of the fee. Therefore, Plaintiff must now pay the filing fee in full. Accordingly, Plaintiff will be given thirty (30) days from the filing date of this Order to pay the two hundred fifty dollar ($250.00) filing fee. If Plaintiff fails to pay the filing fee within thirty (30) days of the filing date of this Order, the action will be dismissed without prejudice, without further notice to Plaintiff, unless Plaintiff shows good cause, in writing, why he is unable to pay the filing fee.

Plaintiff should note that even after he pays the filing fee the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that

1  seek monetary relief from a defendant who is immune from such relief. 28  28 U.S.C. §
2  1915A(b)(1)(2).  The Court also must dismiss a complaint or portion thereof if the plaintiff
3  fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

4  **Rule 41(b) Warning**

5        Plaintiff is warned that if he fails to timely comply with every provision of this Order,
6  or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of
7  the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.)
8  (district court may dismiss action for failure to comply with any order of the court), cert.
9  denied, 506 U.S. 915 (1992).

10      **IT IS THEREFORE ORDERED:**

11      (1) That Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to
12  pay the two hundred fifty dollar ($250.00) filing fee;

13      (2)  That the Clerk of Court is DIRECTED to enter a judgment of dismissal without
14  prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to pay the two
15  hundred fifty dollar ($250.00) filing fee within thirty (30) days of the filing date of this Order,
16  unless Plaintiff shows good cause, in writing, why he is unable to pay the filing fee;

17      (3)  That a clear, legible copy of every pleading or other document filed SHALL
18  ACCOMPANY each original pleading or other document filed with the Clerk for use by the
19  District Judge or Magistrate Judge to whom the case is assigned.  See Local Rule of Civil
20  Procedure 5.4, Rules of Practice of the U.S. District Court for the District of Arizona.
21  **Failure to comply with this requirement will result in the pleading or document being**
22  **stricken without further notice to Plaintiff**; and

23  . . .
24  . . .
25  . . .
26  . . .
27  . . .
28

**JDDL**

1  (4) That at all times during the pendency of this action, Plaintiff SHALL
2 IMMEDIATELY ADVISE the Court and the United States Marshal of any change of
3 address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF
4 ADDRESS." The notice shall contain only information pertaining to the change of address
5 and its effective date. The notice shall not include any motions for any other relief. Failure
6 to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for
7 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8  DATED this 16th day of November, 2005.

David G. Campbell
United States District Judge

JDDL

- 4 -